■ In the Matter of ROGER T. ADLER, Appellant, v COUNTY OF NASSAU et al., Respondents. [667 NYS2d 393] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents dated July 14, 1995, which terminated the petitioner's employment, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 31, 1996, which determined that the petitioner was not entitled to be reinstated to his employment, and (2) a judgment of the same court, entered February 19, 1997, which dismissed the petition.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 and leave to appeal has not been granted (*see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the judgment is reversed, the order is vacated, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the respondents for further proceedings consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner, a medical school graduate, entered into a contract with the respondent Nassau County Medical Center (hereinafter the NCMC), a municipal hospital. The contract, which was to take effect July 1, 1995, granted the petitioner due process rights in accordance with the NCMC Policy Manual for Graduate Medical Education. This included the right of all dismissed or suspended resident doctors to initiate a hearing on the matter by an ad hoc committee appointed by the Director of Academic Affairs.

On June 26, 1995, the petitioner underwent a pre-employment drug test pursuant to his contract with the NCMC and the NCMC's substance abuse policy and tested positive for valium. On June 30, 1995, an official at the NCMC informed the petitioner of the test results and conferred with him. On July 1, 1995, the petitioner began his residency in accordance with the agreement and continued until July 14, 1995, when the NCMC informed him that he never achieved the status of an employee because of his failure to pass the medical certification. The NCMC denied the petitioner's request for a hearing, claiming that he was not entitled to a hearing since he was not an employee at the time he was discharged.

Contrary to the NCMC's contention, the petitioner became an employee of the NCMC when he commenced his duties as a resident on July 1, 1995, in accordance with the terms of the contract. Therefore, he was entitled to all of the rights granted to him in the contract, including the right to a due process hearing as stated in the NCMC's policy manual. Having granted the petitioner the right to a hearing, the NCMC limited its right to discharge the petitioner. Therefore, the NCMC's action of dismissing the petitioner without a hearing was in violation of its own policies and must be annulled and a due process hearing must be held (*see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 409-410). Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.